UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANN MCBRAYER,

        Plaintiff,

v.

BAKER COLLEGE OF ALLEN PARK, et al.,

        Defendants.
_____/

CIVIL ACTION NO. 08-10404

DISTRICT JUDGE PAUL D. BORMAN

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**:

I recommend that Defendants' Motion for Summary Judgment be granted and that Plaintiff's Motion(s) for Summary Judge be denied. I further recommend that all other motions now pending in this action be denied as moot and that the Amended Complaint be dismissed, with prejudice.

**II. REPORT**:

    **A. Procedural History**

The original Complaint in this action was filed in the Circuit Court for the County of Wayne, State of Michigan, under cause No. 08-101793, on or about January 22, 2008. Defendants filed their Notice of Removal to this court pursuant to 28 U.S.C. §1446(b) on January 28, 2008. On January 30, 2008, Plaintiff filed an Application for Appointment of Counsel. On February 4, 2008, Plaintiff filed a Demand for Trial by Jury. On February 7, 2008, the case was reassigned from the Honorable Lawrence P. Zatkoff and Magistrate

Judge Steven D. Pepe to the Honorable Paul D. Borman and the undersigned magistrate judge.

On February 11, 2008, Plaintiff filed an Amended Complaint as a matter of course pursuant to Fed.R.Civ.P. 15(a). On the same date, Plaintiff filed a Motion for Summary Disposition. That motion was referred to the magistrate judge for Report and Recommendation on February 14, 2008. On February 19, 2008, McBrayer filed a Motion to Include Relief for Motion for Summary Judgment (sic), which was also referred to the magistrate judge.

On February 29, 2008, Defendants filed their Motion for Summary Judgment, as well as their Response to Plaintiff's Motion for Summary Judgment.

On March 4, 2008, Plaintiff filed a Motion to Dismiss. On the same date, she filed her Response to Defendants' Motion for Summary Judgment. Defendants' Motion for Summary Judgment and Plaintiff's Motion to Dismiss were referred to the magistrate judge in a written Order of March 5, 2008. On March 10, 2008, Defendants filed their Response to Plaintiff's Motion to Include Relief for Motion for Summary Judgment. On March 12, 2008, Plaintiff filed her Motion for Objection to Removal of Case.

### B. Applicable Law and Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential

2

element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. Celotex Corp. V. Catrett, 477 U.S. 317, 322 (1986); Martin v. Ohio Turnpike Comm'n, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. 60 Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987). The court is not required or permitted, however, to judge the evidence or make findings of fact. Id. at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. Id. At 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. Id.; Feliciano v. City of Cleveland, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. Anderson, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has

stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted); see Celotex, 477 U.S. at 322-23; Matsushita, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. Lucas v. Leaseway Multi Transp. Serv., Inc., 738 F.Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), aff'd 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find the plaintiff." Anderson, 477 U.S. at 252; see Cox v. Ky. Dep't of Transp., 53 F.3d 146, 150 (6th Cir. 1995).

### C. Factual Background

This is the latest of multiple *pro se* lawsuits filed by Plaintiff against these Defendants. Each suit is based upon the dismissal of Plaintiff from her student status at Baker College in March 2006. McBrayer initiated a Complaint with the United States Department of Education, Office for Civil Rights (OCR), alleging discrimination on the basis of disability. Upon completion of its investigation, in Case No. 15-06-2032, OCR negotiated a Resolution Agreement with Baker College. That Agreement, dated February 7, 2007, contained various remedial provisions which the college undertook to complete by March 30, 2007. Defendants also agreed to submit documentation to OCR to verify its implementation of its various promises. The documentation was to be provided on or

before April 6, 2007. (Exhibit 10 to Amended Complaint[1]).

The Amended Complaint invokes this court's jurisdiction by alleging violation of §504 of the Rehabilitation Act of 1973 (29 U.S.C. §794) and its implementing regulations. Plaintiff references her civil rights action with OCR, and attempts in Count I to assert the same allegations of discrimination and retaliation which the Department of Education pursued and resolved by way of the Resolution Agreement. The Amended Complaint consists of a lengthy summary of agency action as described in a February 21, 2007 letter to Plaintiff from OCR. (Exhibit 9 to Amended Complaint). Paragraph 18 of the Amended Complaint alleges, without supporting factual assertions or documentation, that Defendants violated the agreement, and that OCR reopened its investigation. Plaintiff alleges in "Count II" that she suffered mental anguish necessitating various medical expenditures. The Amended Complaint prays an award of a $2,000,000.00 structured settlement, together with lifetime support in the amount $5,000.00 per month, health insurance coverage for life, a stock interest in Baker College, the suspension of Defendant Maike, re-enrollment of the Plaintiff with a promise never to expel her again, and free tuition and books for Plaintiff and "all of her relatives" for life.

Defendants' Motion for Summary Judgment lists the various *pro se* lawsuits initiated by Plaintiff against them in connection with her expulsion and the subsequent OCR action. They assert that all of the suits arise from the same occurrence and transaction, and are supported with the same factual assertions and evidence. They maintain that a Judgment

---

[1] Plaintiff's original Complaint in this action alleged violation of the Rehabilitation Act by reason of Defendants' failure to award financial grants in aid to her for the Winter 2005/2006 school year. No similar allegation of discrimination appears in the Amended Complaint.

on one such suit in the Wayne County Circuit Court (Case No. 07-723525) operates a bar to the instant Complaint under doctrine of *res judicata.*

**D.     Analysis**

Defendants' Motion for Summary Judgment asserts the doctrine of *res judicata*. *Res judicata* is an affirmative defense, and is ordinarily raised in the pleadings. Fed.R.Civ.P. 8(c). Such pleading is intended to give the opposing party notice of the defense and a chance to argue why its imposition would be inappropriate. "Although there may have previously been some doubt, it is now clearly established that *res judicata* can also be raised by motion." Westwood Chemical Co., Inc. v. Kulick, 656 F.2d 1224, 1227 (6th Cir. 1981). The cases cited in the Westwood decision reflect that the doctrine may be raised either by a motion for summary judgment or a motion to dismiss. Furthermore, a district court is empowered to raise *res judicata sua sponte* in the interests of promoting judicial economy. Halloway Construction Co. v. U.S. Department of Labor, 891 F.2d 1211 (6th Cir. 1990) (citing United States v. Sioux Nation of Indians, 448 U.S. 371, 432 (1980)).

28 U.S.C. §1738 provides that the judicial proceedings of any state, territory or possession of the United States "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such state, territory or possession from which they are taken." The Supreme Court of the United States has held that the statute obliges federal courts to give the same preclusive effect to a state court judgment as would the courts of the state rendering the judgment. Migra v. Warren City School Dist. Bd. Of Educ., 465 U.S. 75, 80 (1984); McDonald v. City of West Branch, Michigan, 466 U.S. 284 (1984). Thus, if an individual would be precluded from litigating an action in state court by traditional principles of *res judicata*, he is similarly

6

precluded from litigating his suit in federal court.  Gutierrez v. Lynch, 286 F.2d 1534 (6th Cir. 1987).  It is well established that §1738 does not allow federal courts to employ their own rules of *res judicata* in determining the effect of state judgments.  Marrese v. American Academy of Orthopedic Surgeons, 470 U.S. 373, 380 (1985).  Thus, if a state court precludes an action, then a federal court must also preclude it, unless Congress has created or intended to create an exception.  Id.

The Michigan Supreme Court has adopted the "broad application" of the *res judicata* doctrine, barring both claims actually litigated in a prior action and those claims arising out of the same transaction which Plaintiff could have brought but did not.  Schwartz v. Flint, 187 Mich.App. 191, 194 (1991).  "To constitute a bar, there must be an identity of the causes of action, that is, an identity of facts creating the right of action and of the evidence necessary to sustain each action."  Westwood Chemical Co. v. Coolick, 656 F.2d 1224, 1227 (6th Cir. 1981) (citations omitted).  "*Res judicata* bars a subsequent action between the same parties when the evidence or essential facts are identical."  Eaton Co. Road Commissioners v. Schultz, 205 Mich.App. 371, 375 (1994).  "This doctrine requires that (1) the first action be decided on the merits, (2) the matter contested in the second case was or could have been resolved in the first, and (3) both actions involve the same parties or their privies."  Id. at 376.  I am satisfied that each of the elements is fully satisfied in this case.

Plaintiff's first state court action was resolved in favor of the Defendants on their Motion for Summary Disposition under MCR 2.116(C)(8) and/or (10).  MCR 2.116(C)(8) corresponds to Fed.R.Civ.P. 12(b)(6).  MCR 2.116(C)(10) corresponds to Fed.R.Civ.P. 56(c).  Under Michigan law, summary disposition under either subsection of Rule 2.116

constitutes a final judgment on the merits for purposes of later invoking the doctrine of *res judicata*. Chakan v. City of Detroit, 998 F.Supp. 779 (E.D. Mich. 1998); ABB Paint Finishing v. Nat'l Fire Ins., 223 Mich.App. 559 (1997).

It is also apparent that the matters contested in this action were, or could have been, resolved in Plaintiff's state court case. The factual basis for each action is the same. I am fully satisfied that the *res judicata* doctrine of claim preclusion renders Judge Edwards' final Judgment for Defendants on the merits a bar to Plaintiff's further litigation of any claim based on the same facts which could have been asserted in the state case. For example, the Defendants' allegedly discriminatory failure to provide Plaintiff with grants in aid for the 2005-2006 school year could have been asserted in McBrayer's August 30, 2007 Complaint in the Circuit Court of Wayne County. Thus, even if that claim had not been abandoned in this action by reason of its omission from Plaintiff's Amended Complaint, it would be barred. Similarly, Plaintiff could have asserted in her state case any claim that Defendants violated the terms of the Resolution Agreement. All undertakings by Defendants in that Agreement were to have been completed by April 6, 2007. Thus, any claim arising from the alleged breach of the Agreement could have been asserted in the August 2007 lawsuit. McBrayer specifically referred to the Agreement in her state court action. Because all of Plaintiff's claims arose from her status as a student at Baker College during a single, relevant time period, the "broad application" of the *res judicata* doctrine adopted by the Michigan Supreme Court bars not only the claims actually litigated in Plaintiff's prior action, but also those claims arising out of the same underlying facts which Plaintiff could have brought but did not. Those certainly include McBrayer's current claim that Defendants violated her rights under the Rehabilitation Act.

For all of the above reasons, I recommend that Defendants' Motion for Summary Judgment be granted in so far as it seeks dismissal of the Amended Complaint, with prejudice. Plaintiff's Motions for Summary Judgment appear to be no more than a reassertion of the claims in her Amended Complaint. Accordingly, I recommend that Plaintiff's Motions for Summary Judgment be denied. Finally, I recommend that all other pending motions, including Plaintiff's March 4, 2008 Motion to Dismiss and her March 12, 2008 Motion for Objection to Removal of Case, be denied as moot.

Defendants' Motion for Summary Judgment seeks an award of attorney fees pursuant to 15 U.S.C. §1681(n) and (o). The request is premised upon the proposition that Plaintiff filed this action in bad faith or for purposes of harassment. This court has been provided with correspondence indicating that Plaintiff suffers from a significant mental impairment. Her Amended Complaint includes Exhibits indicating that she receives Social Security Disability Benefits. Based upon Plaintiff's medical condition and her limited resources, I recommend that Defendants' Motion for Summary Judgment be denied with respect to an award of attorney fees. I further recommend, however, that the Motion be granted with respect to the request for an Order prohibiting Plaintiff from filing any further action in this court based upon the subject matter of this case.

### III. **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v.

Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                        s/Donald A. Scheer  
                                                        DONALD A. SCHEER  
                                                        UNITED STATES MAGISTRATE JUDGE

DATED: March 19, 2008

_____

**CERTIFICATE OF SERVICE**

I hereby certify on March 19, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 19, 2008. **De Ann McBrayer.**

                                                        s/Michael E. Lang  
                                                        Deputy Clerk to  
                                                        Magistrate Judge Donald A. Scheer  
                                                        (313) 234-5217