UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANN A. MCBRAYER,

      Plaintiff,                            CASE NO. 08-CV-10404

-vs-
                                           PAUL D. BORMAN
BAKER COLLEGE OF ALLEN            UNITED STATES DISTRICT JUDGE
ALLEN PARK, ET. AL.,

      Defendants.
_____/

**ORDER ADOPTING AND MODIFYING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION IN FAVOR OF:
(1) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT;
(2) DENYING PLAINTIFF'S MOTION(S) FOR SUMMARY JUDGMENT;
(3) DISMISSING ALL OTHER PENDING ACTIONS AS MOOT; AND
(4) PROHIBITING PLAINTIFF FROM FILING FURTHER ACTIONS IN THIS COURT
BASED UPON THE SUBJECT MATTER OF THIS CASE**

    Before the Court is Plaintiff Deann McBrayer's ("Plaintiff") Objection to Magistrate Judge Donald A. Scheer's March 19, 2008 Report and Recommendation in favor of: (1) granting Defendants' Motion for Summary Judgment; (2) denying Plaintiff's Motion for Summary Judgment; (3) denying as moot all other pending motions; and (4) prohibiting Plaintiff from filing any other actions in this Court based upon the subject matter of this case. (Dkt. No. 20).

    The Court now reviews the Objections, the Report and Recommendation and pertinent parts of the record *de novo* pursuant to 28 U.S.C. § 636(b).

**I.    PROCEDURAL HISTORY**

    This case was originally filed in Circuit Court for the County of Wayne, State of Michigan on or about January 22, 2008. On January 28, 3008, Defendants removed the action pursuant to 28 U.S.C. § 1446(b).

On February 11, 2008, Plaintiff filed an Amended Complaint and a Motion for Summary Disposition. (Dkt. Nos. 6, 7). Defendants filed a Motion for Summary Judgment on February 29, 2008. (Dkt. No. 12). Plaintiff subsequently filed a Motion to Dismiss on March 4, 2008, and a Response to Defendants' Motion for Summary Judgment. (Dkt. Nos. 13, 14). On March 12, 2008, Plaintiff filed an "Objection to Removal of Case" seeking sanctions against Defendants. (Dkt. No. 18).

On March 19, 2008, the Magistrate Judge issued his Report and Recommendation ("Report") recommending the Court grant Defendants' Motion for Summary Judgment, deny Plaintiff's motions for the same, deny as moot all other pending motions, and ordering that Plaintiff be prohibited from filing any other action in this Court based upon the subject matter of this case. The Magistrate Judge found that *res judicata* bars her instant action where a state court rendered a final judgment in favor of Defendants in a state action arising from the same occurrence and supported by the same factual assertions.

Plaintiff filed her objection to the Report on April 1, 2008.[1]

**II.    ANALYSIS**

Plaintiff objects to the Magistrate Judge's Report and Recommendation contending the Magistrate Judge was mistaken in stating that she had been dismissed from her student status at Baker College in March 2006. (Report at 4). The Court finds that the correct date of her expulsion from Baker College was April 6, 2006. (*See* Dkt. No. 12, Ex. 2, Resolution Agreement ¶ A). However, Plaintiff does not allege, nor can the Court conclude, that this factual misstatement has

---

[1] As the Court finds the Magistrate Judge has accurately and succinctly set forth the factual background of the instant case, except as to a clerical error discussed *infra*, the Court will adopt by reference that portion of the Report here. (Report, 4-6).

any impact upon the Magistrate Judge's legal analysis or conclusions of law.

Plaintiff also objects to the Magistrate Judge's decision based on the fact that she was not appointed counsel in this case and further because her belief that the Magistrate Judge erred in holding that an action involving a federal law could be handled in state court.

The Court finds these objections are without merit. First, Plaintiff appears to rely on a published document or book entitled "One Court of Justice" for the contention that she is entitled to an attorney appointment and her due process rights have been violated. However, there exists no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (stating "appointment of counsel in a civil case is . . . . a matter within the discretion of the court. It is a privilege not a right.") (internal quotation omitted); *see Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985) (same). Further, although Plaintiff objects to the Magistrate Judge's Report based on denial of an attorney appointment, the point is moot as an appointment of counsel would not cure what ails this Complaint.[2] The Magistrate Judge found, and the Court agrees, that *res judicata* applies and Plaintiff's action must be dismissed. Therefore, Plaintiff's claim fails because of a legal deficiency which is not mutable by attorney skill or expertise.

To the extent Plaintiff argues that her federal claim could not have been brought in state court, Plaintiff is mistaken. State courts are courts of general jurisdiction, and the "presumption is that they have subject matter jurisdiction over a particular controversy unless a showing is made to the contrary." WRIGHT, MILLER & COOPER, Federal Practice & Procedure: Jurisdiction 2d § 3522

---

[2] Further, the Court notes that although Plaintiff was not appointed counsel in this case, the Report did not deny that request but rather the request became moot after its issuance.

(1994). Federal courts, on the other hand, have limited jurisdiction and cannot hear cases without statutory and constitutional authority. *Id*.

As the Report stated "[t]his is the latest of multiple *pro se* lawsuits filed by Plaintiff against these Defendants. Each suit is based upon the dismissal of Plaintiff from her student status at Baker College in [April] 2006." Thus, this Order deals with all of her pleadings previously filed in this Court involving Baker College and puts a stop on any future frivolous pleadings against Baker College.

Therefore, the Court finds Plaintiff's objections are without merit, except to the extent that the Magistrate Judge made a clerical error in his Report.

## III. CONCLUSION

For these reasons, the Court:

(1) **GRANTS IN PART AND DENIES IN PART** Plaintiff's Objections to the Report and Recommendation (Dkt. No. 20);

(2) **ADOPTS AND MODIFIES** the Report and Recommendation such that it reflects Plaintiff was expelled from Baker College on April 6, 2006 (Dkt. No. 19);

(3) **GRANTS** Defendants' Motion for Summary Judgment (Dkt. No. 11);

(4) **DENIES** Plaintiff's Motions for Summary Judgment (Dkt. No. 7, 13);

(5) **ORDERS** Plaintiff is prohibited from filing any further actions in this Court based upon the subject matter of this case; and

(6) **DENIES** all other pending motions as **MOOT** in light of this Order.

**SO ORDERED.**

s/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated: July 3, 2008

                        CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 3, 2008.


                                            s/Denise Goodine
                                            Case Manager